**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SHERRY FRAZIER** | § | |
| | § | |
| **V.** | § | **A-10-CA-578 LY** |
| | § | |
| **STARBUCKS COFFEE, INC., JULIA** | § | |
| **EBINGER, and LAURA MARQUIS** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No.

1) and Complaint.  By standing order, this request has been referred to the undersigned Magistrate

Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local

Rules of the United States District Court for the Western District of Texas, Local Rules for the

Assignment of Duties to United States Magistrate Judges.

**I.  Application to Proceed *In Forma Pauperis***

After considering Plaintiff's financial affidavit the Court finds that Plaintiff is indigent.

Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status.  However, before the

Court orders that her Complaint be filed without pre-payment of fees or costs or giving security

therefor pursuant to 28 U.S.C. § 1915(a)(1), and orders the Clerk to issue summons in this case, the

Court must perform a frivolousness review.

**II. Section 1915(e)(2) Frivolousness Review**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required

by standing order to review the Complaint under 28 U.S.C. §1915(e)(2), which provides in relevant

part that "the court shall dismiss the case at any time if the court determines that . . . the action or

appeal is frivolous . . . ."  "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006).  "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact."  *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Plaintiff alleges, somewhat cryptically, that she has suffered "[h]umiliating public ANGUISH" stemming from Defendants' slandering remarks.  More specifically, Plaintiff's complaint appears—as best the Court can make out—to be based on the claim that she was subjected to allegations from Starbucks's staff that she stole bathroom tissue, as well as cream and sugar, from various Starbucks locations, and that these allegations have "destroyed Plaintiff['s] occupation as a Medical Assistant without a remote possibility for plaintiff to become independent."  However, her complaint, if it states a claim at all, states a state law claim, not a federal law one.[1]  It is, of course, axiomatic that a plaintiff must state a federal question in order to invoke the jurisdiction of the federal courts.  *Self-Insurance Institute of America, Inc. v. Korioth*, 993 F.2d 479 (5th Cir. 1993); *see also* 28 U.S.C. § 1331.  Therefore, the Court has no jurisdiction to resolve Plaintiff's complaints.

### III. RECOMMENDATION

The Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

---

[1]In the civil cover sheet attached to the complaint, Plaintiff states that she is suing under 42 U.S.C. § 1983, such that there is federal question jurisdiction over her claims.  Plainly, Defendants here were not acting under color of state law, so § 1983 does provide a valid basis for jurisdiction.

2

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE